# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **INFERNAL TECHNOLOGY, LLC**<br>**and TERMINAL REALITY, INC.,**<br>　　*Plaintiffs*<br><br>v.<br><br>**EPIC GAMES, INC.,**<br>　　*Defendant*<br><br><br>**JEFFREY MILLS,**<br>　　*Movant*<br><br>v.<br><br>**EPIC GAMES, INC.,**<br>　　*Respondent* | §§§§§§§§§§§§§§§§§§ | Case No. 1:21-MC-406-LY-SH |

## O R D E R

Before the Court are the Motion to Quash and Memorandum in Support filed by non-party Movant Jeffrey Mills on May 10, 2021 (Dkt. 1); Defendant Epic Games, Inc.'s Opposition to the Motion to Quash, filed May 17, 2021 (Dkt. 4); and Mills' Reply, filed May 24, 2021 (Dkt. 5). The District Court referred all motions in this case to the undersigned Magistrate Judge for resolution and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 3.

### I.  Background

Plaintiffs Infernal Technology, LLC and Terminal Reality, Inc. ("TRI") sued Defendant Epic Games Inc. ("Epic") for patent infringement on November 14, 2019, in the United States District Court for the Eastern District of North Carolina. Dkt. 1-1. On March 25, 2021, Epic served a subpoena commanding Mills to appear for deposition on May 11, 2021. Dkt. 1-2 at 5-7; Dkt. 4-6.

1

Mills asks the Court to quash the subpoena for two reasons. First, Mills complains that Epic did not tender a witness fee. Epic asserts that it has now paid the witness fee and this issue is moot by agreement of the parties. Two days after filing this Motion, counsel for Mills stated in an email to Epic's counsel that he had received the fee and that "the argument that Mr. Mills did not receive a witness fee for his deposition is now moot." Dkt. 4-2 at 2. Although Mills still contends that the subpoena was improperly served, the Court agrees that the witness fee issue is moot.

Second, Mills argues that the subpoena seeks irrelevant information and imposes an undue burden on him. Dkt. 1 at 3. Epic responds that the deposition would not impose an undue burden and that Mills likely has information relevant to the pending case.

## II.   Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

A court must quash or modify a subpoena that subjects a person to an undue burden. FED. R. CIV. P. 45(d)(3)(A)(iv). Whether a subpoena is reasonable must be determined according to the facts of the case. *Wiwa*, 392 F.3d at 818. The movant seeking a protective order bears the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818 (citations omitted).

### III.     Analysis

The Court denies Mills' Motion, for the reasons explained below.

### A.  Movant Failed To Provide a Certificate of Conference

First, the Motion lacks the required certification that Mills "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c)(1); *see also* Local Rule CV-7(i).[1] Although it appears that counsel for the parties had a phone conversation before the Motion was filed, Dkt. 5-1 ¶ 4, Mills' failure to certify "the specific reason that no agreement could be made" would be sufficient for the Court to deny the Motion under Local Rule CV-7(i). The parties are admonished of their obligation to attempt to resolve such issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining "good faith" requirement of Local Rule CV-7(i)).

### B.  Movant Has Not Met His Burden to Show that the Subpoena is Unreasonable

The Court next addresses Mills' contention that he lacks knowledge relevant to the underlying litigation. In his supporting declaration, Mills states that he worked for Plaintiff TRI from approximately December 1998 to November 2006 as Producer, then Product Manager. Dkt. 1-2 at 2 ¶ 2. Mills further states:

---

[1] Local Rule CV-7(i) provides: "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion."

> ¶ 2. During that time I oversaw some video game production and did some minor computer programming on the Nocturne engine for the Blair Witch video game. My technical work, however, was simply to tweak variables for the game, and I had nothing to do with the internal coding of the Nocturne engine itself, deferred rendering, shadowing, lighting, or anything with respect to graphics, all of which I understand are at issue in the underlying case in the Eastern District of North Carolina.
>
> ¶ 3. I have not had any significant contact with Terminal Reality or the people with whom I worked while there since I left in 2006, approximately fifteen years ago.
>
> ¶ 4. Currently, I have no knowledge of the internal coding of the Nocturne engine itself, deferred rendering, shadowing, lighting, or anything with respect to graphics as facilitated by the Nocturne engine or displayed or used in the video games based on the Nocturne engine.

Dkt. 1-2 at 2-3. Mills further states that attending the deposition would be an undue burden, "especially in light of the fact that I have not [sic] knowledge or memory of any facts that are relevant to any material issue in the underlying case between Epic and my former employer, Terminal Reality, Inc." *Id.* at 3 ¶ 8.

In the underlying litigation, Plaintiffs allege infringement of two patents; the named inventor on both patents is Mark Randel, the founder and CEO of TRI. Dkt. 4 at 2; Dkt. 4-3 at 17-50. Both patents claim priority to an application filed on March 12, 1999, when Mills worked at TRI. *Id.* TRI alleges that its Blair Witch video game, on which Mills worked, uses the Nocturne video game engine and practices its patents. Dkt. 4-4 at 3. In addition, Epic's counsel submitted a declaration attesting that Plaintiffs' document production "includes over 700 documents referencing 'Jeff Mills.'" Dkt. 4-1 ¶ 14.

Mills does not dispute that he worked for Plaintiff TRI when events occurred that are relevant to the underlying litigation. Nor has he established that his testimony is irrelevant simply by disavowing present knowledge of certain information, including "the internal coding of the Nocturne engine itself." As outlined above, the scope of discovery is broad, encompassing requests

4

that seek admissible evidence or are "reasonably calculated to lead to the discovery of admissible evidence." *Crosby*, 647 F.3d at 262. Epic may seek testimony from Mills, a former Product Manager, on subjects that are relevant to the litigation.

Mills has not shown that he lacks knowledge relevant to the litigation or that a deposition would subject him to undue burden. Because Mills has not established good cause, his Motion to Quash (Dkt. 1) is hereby **DENIED**.

**SIGNED** on June 4, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE